IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware Corporation,<br>                  Plaintiff,<br>v.<br>NVC LOGISTICS GROUP, INC., a New Jersey Corporation,<br>                  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**<br>Case No. 1:16-cv-00167-JNP-EJF<br>District Judge Jill N. Parrish |

Before the court are Defendant NVC Logistics Group, Inc.'s ("NVC") motion to transfer venue pursuant to 28 U.S.C. § 1404 (Docket 6) and its Rule 12(b)(6) motion to dismiss for failure to state a claim (Docket 3). Also before the court is Plaintiff ICON Health & Fitness, Inc.'s ("ICON") motion for leave to amend its complaint (Docket 26). The court heard oral argument on these motions on June 13, 2017. After considering the parties' arguments and the applicable law, the court DENIES NVC's motion to transfer, but GRANTS its motion to dismiss. The court also GRANTS ICON's motion for leave to amend its complaint.

**INTRODUCTION**

ICON initially brought four claims against NVC: 1) breach of contract, 2) breach of covenant of good faith and fair dealing, 3) unjust enrichment, and 4) negligence. These claims arose from a business dealing in which NVC was to ship and deliver goods manufactured by ICON. NVC moves to transfer venue pursuant to a forum selection clause contained in both its WG-500 Tariff ("Tariff") and its Master Transportation Service Agreement ("MTSA"), which provide that "all claims and actions arising in connection with this tariff or any shipment

1

hereunder shall be adjudicated solely and exclusively in . . . the district court for the District of New Jersey." (Docket 6 at 2). NVC also moves the court to dismiss the claims pursuant to Rule 12(b)(6) claiming that 49 U.S.C. § 14706, also known as the Carmack Amendment, supersedes state law claims arising under contracts for interstate ground shipment of property. ICON opposes both motions and moves for leave to amend its complaint to add a claim under the Carmack Amendment and to allege its state law claims in the alternative.

## FACTS

The facts alleged by the parties in this case are few, but are as follows. ICON manufactures fitness equipment. On or about December 1, 2014, ICON engaged NVC's services for the purpose of logistics in delivery of ICON's goods and products to consumers in many states, including Utah. The parties entered into an agreement for the shipment of goods manufactured and sold by ICON. NVC was responsible for the timely and safe delivery of ICON's goods, but while in NVC's control the goods were damaged and/or lost. ICON notified NVC and asserted claims for the alleged damages, but it was never reimbursed by NVC. ICON filed suit seeking damages of no less than $230,418. ICON also seeks to recover its attorney's fees, as well as prejudgment and post-judgement interest.

## ANALYSIS

The Carmack Amendment was passed by Congress to standardize inter-state transportation claims. *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913) (citing *S. Pac. Co. v. Crenshaw Bros.*, 5 Ga. App. 675 (1909)). Prior to the Carmack Amendment, the rule of carriers' liability for interstate shipment was "general common law" or "determined by supposed

public policy of a particular state." *Id.* at 504. The Carmack Amendment was intended to "supersede[] all the regulations and policies of a . . . state" and "limit[] the power to exempt [a carrier] by . . . contract." *Id*. at 505–06. Congress's action "manifest[ed] a purpose to exercise its conceded authority" and caused state's power with regards to inter-state shipping to "cease[] to exist." *Id* at 506. In essence, carriers exchanged strict liability for a consistent legal standard. *Id.* at 504–05.

**I. Motion to Transfer Venue**

NVC argues that this court should transfer pursuant to a valid forum selection clause contained in both the Tariff and the MTSA. Additionally, NVC argues that the factors for transfer weigh in its favor because it is a New Jersey company and the witnesses in this case would be more accessible in New Jersey. In response, ICON argues that NVC has waived any objection to venue by failing to raise its venue defense prior to filing its motion to dismiss. (Docket 12 at 3). ICON also argues that the forum selection clause on which NVC relies is contained in a contract to which it did not agree. (Docket 12 at 4).

The court concludes that NVC's motion to transfer venue was not waived by its failure to bring a Rule 12(b)(3) motion for improper venue prior to filing its motion to dismiss. NVC has not alleged that venue is legally improper. Rather, it seeks to transfer venue on the grounds of *forum non conveniens* pursuant to 28 U.S.C. § 1404. Although NVC did not waive it venue argument, it is not well-taken. If the Carmack Amendment applies, either because NVC is a "carrier" or because ICON agreed to be bound by the Tariff or MTSA, then NVC's forum selection clause is preempted by the Carmack Amendment's special venue provisions. And

absent an applicable forum selection clause, ICON's choice of forum outweighs any concerns that NVC proffers in support of its motion to transfer venue.

*A. NVC did not forfeit its right to bring this motion.*

ICON argues that NVC is barred from moving to transfer venue because NVC did not include a Rule 12(b)(3) motion to dismiss for improper venue in its motion to dismiss. (Docket 12 at 3). *See* Fed. R. Civ. P. 12(h). ICON contends that this failure forecloses a motion to transfer venue pursuant to NVC's forum selection clause. ICON's argument is not well-taken. The proper way to enforce a forum selection clause is through *forum non conveniens*, which is not governed by Rule 12. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 580 (2013).

The Supreme Court has held that the governing law for *forum non conveniens* is 28 U.S.C. § 1404, not Rule 12. *Id.* at 577. NVC seeks to transfer venue to the state of New Jersey pursuant to a forum selection clause. (Docket 6 at 2). NVC is not asserting that Utah is an improper venue. Rather, it asserts that it is entitled to transfer the case to the venue specified in its forum selection clause. The Supreme Court has recognized that Rule 12(b)(3) only governs in cases where venue is improper, not in cases seeking to transfer venue under the theory of *forum non conveniens*. *Id*. at 580. Accordingly, NVC is not procedurally barred from bringing its motion to transfer venue.

*B. The Carmack Amendment preempts NVC's forum selection clause.*

The basis for NVC's motion to transfer venue is the forum selection clause contained it its MTSA. But if the Carmack Amendment governs this case, its special venue provisions preempt NVC's forum selection clause.

Venue in cases arising under the Carmack Amendment is addressed in 49 U.S.C. § 14706(d)(1)–(2). It provides that cases "may be brought against a delivering carrier in a district court of the United States" or "in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. § 14706(d)(1)–(2). Courts have ruled generally that when a federal statute contains specific venue provisions, those provisions should be interpreted broadly. *See, e.g.*, *Somerville v. Major Expl., Inc.*, 576 F. Supp. 902, 908 (S.D.N.Y. 1983) ("[T]he venue provision of the Act is designed to allow the plaintiff the widest possible choice of forums."). In light of the broad terms of § 14706(d)(1)–(2), which provide for venue in "a district court of the United States," this court should defer to Congress's choice to leave broad discretion to the Plaintiff in its selection of a forum.

The Tenth Circuit, while having never ruled specifically on the issue of forum selection under the Carmack Amendment, has ruled that the Carmack Amendment preempts other similar contractual provisions. In *Aluminum Products Distributors, Inc. v. Aaacon Auto Transport, Inc.*, the court ruled that an arbitration clause in the defendant's contract, although valid, was preempted by the arbitration provisions of the Carmack Amendment. 549 F.2d 1381, 1384–85 (1977). This determination extends by analogy to the situation at hand. Like the arbitration agreement at issue in *Aacon*, the contractual venue provisions at issue here would control the place in which this case is to be decided. And like the arbitration agreement, NVC's forum selection clause is preempted by Congress's broad grant of discretion to plaintiffs in selecting the forum for cases arising under § 14706.

Additionally, the Supreme Court, in dicta, has stated that forum selection clauses are likely preempted by Carmack. *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 98 (2010). While the Court overruled the Ninth Circuit's determination that the Carmack

5

Amendment preempted the Defendant's forum selection clause, it did so only because it determined that the Carmack Amendment did not apply. *Id*. And it expressly stated that "it can be assumed that if Carmack's terms apply . . . the cargo owners would have a substantial argument that the . . . forum-selection clause in the bills is preempted by Carmack's venue provisions." *Id.* (dictum).

It is also worth noting the Ninth Circuit's holding, rendered after *Kawasaki*, that forum selection clauses are, in fact, preempted by the Carmack Amendment. *Smallwood v. Allied Van Lines, Inc*., 660 F.3d 1115, 1121–22 (2011) ("One of these inalienable requirements is that the shipper be permitted to sue in certain venues when a dispute arises. . . . These provisions assure the shipper a choice of forums as plaintiff.").

Having concluded that the Carmack Amendment preempts contractual forum selection clauses, the court turns to the issue of whether preemption applies here. The court holds that NVC's forum selection clause is preempted whether or not NVC is found to be a "carrier" subject to the Carmack Amendment. If NVC is a "carrier," as it claims to be, then Carmack applies as a matter of law. (Docket 24, p. 6–7). But, even if NVC is not a "carrier," but rather a "broker," as claimed by ICON, its forum selection clause is still preempted by the Carmack Amendment's venue provisions because both its Tariff (Docket 6 at 32) and the MTSA (Docket 6 at 53) also contain provisions specifying that damage disputes arising under those agreements must be adjudicated in accordance with the Carmack Amendment. (Docket 6 at 33, 48 ("All claims for . . . damage to cargo shall be handled in accordance with 49 USCS § 14706.")). In short, if the Carmack Amendment applies—either because NVC is a "carrier" or because NVC's agreements are binding on ICON—it preempts NVC's forum selection clause. Unable to rely on

the forum selection clause, NVC's only remaining argument is that the case should be transferred because a district court in New Jersey would be a more convenient forum.

*C. Plaintiff's choice of forum outweighs any concerns NVC may have.*

Generally, a Plaintiff's choice of forum is given a great deal of weight when considering whether or not to transfer a case. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) ("[A] plaintiff's choice of forum should rarely be disturbed."); *See also Somerville v. Major Expl., Inc.*, 576 F. Supp. 902, 908 (S.D.N.Y. 1983). However, 28 U.S.C. § 1404(a) provides that a court may transfer venue "[f]or the convenience of parties and witnesses" and "in the interest of justice" to another district court where it may have been brought. NVC argues that transferring venue to New Jersey would be more convenient for the parties. (Docket 6 at 6). In support of this assertion, NVC states that its "corporate headquarters is in New Jersey and many of the witnesses and documents related to the various shipments are located in New Jersey." It further points out that any judgment against NVC would have to be enforced in New Jersey.

The party seeking a transfer on grounds of *forum non conveniens* bears the burden of "establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Chrysler Coty., Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Texas E. Transmission Corp. v. Marine Office-Appleton & Co.*, 579 F.2d 561, 567 (10th Cir. 1978)). Some of the factors that the court should consider are: 1) Plaintiff's choice of forum; 2) availability of evidence, including compulsory attendance of witnesses; 3) advantages or disadvantages to a fair trial, 4) congested dockets, 5) and the advantage of local courts addressing local law. *Tex. Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967).

NVC's motion to transfer fails to address most of these factors. And it fails to acknowledge that what is more convenient for it and its witnesses will be less convenient for ICON and its witnesses. Moreover, while NVC baldly asserts that witnesses would be better served in New Jersey, it fails to provide any detail or explain why its witnesses could not travel to Utah.

The court concludes that NVC's lack of compelling reasons to transfer is outweighed by ICON's choice of forum. In short, a transfer would simply "shift[] the inconvenience from one side to the other." *Scheidt*, 956 F.2d at 966.

**II. NVC's Motion to Dismiss**

This court GRANTS NVC's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. ICON's complaint contains only state law claims that, under the facts as alleged in the complaint, are preempted by the Carmack Amendment. *Adams Express Co.*, 226 U.S. at 505–06. Thus, ICON has failed to state a claim on which relief may be granted.

*A. The Carmack Amendment supersedes all state law claims.*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim" showing that "the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); Fed. R. Civ. P. 8(a)(2). This does not require "detailed factual allegations," but requires more than just a general "the-defendant-unlawfully-harmed-me allegation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a

complaint must contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Two principles govern a court when deciding whether to dismiss a cause of action. First, while the court must accept as true all factual allegations made, this does not apply to legal conclusions—this holds true for "a legal allegation couched as a factual allegation." Second, "only a complaint that states a plausible claim for relief survives." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 555).

ICON, in its original complaint, outlines four causes of action against NVC: 1) breach of contract, 2) breach of covenant of good faith, 3) unjust enrichment, and 4) negligence. All four of these causes of action are state law claims. The complaint states that ICON brings these causes of action for misdeeds pursuant to 49 CFR § 370.5(b)(1)–(3), the code of regulations that derives its legitimacy from § 14706, the Carmack Amendment. And the factual allegations of the complaint allege that NVC was, at all relevant times, a "carrier" subject to the regulations.

The Supreme Court has recognized that the Carmack Amendment supersedes all state law claims and is the only cause of action for which relief may be sought for damages to goods allegedly done by carriers. *Adams Express Co.*, 226 U.S. at 505–06. Thus, a plaintiff may not pursue state law claims against "carriers" for damages to goods and products. The exclusive remedy for such damages is a claim brought pursuant to the Carmack Amendment. And the claims that may be brought against a "carrier" for such damages are limited. § 14706(a)(1). The only claims that may be brought are for strict liability for "the actual loss or injury to the property." *Id.*

The court concludes that ICON's complaint fails to "state[] a plausible claim for relief." *Iqbal* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Taking all of ICON's factual

allegations as true, which it must, ICON's complaint fails to allege causes of action for which relief can be granted. Indeed, at the hearing on these motions, even ICON conceded that the complaint was "poorly plead."

This court is not overly concerned at this stage of the proceedings whether NVC is indeed a "carrier" because ICON's complaint alleges that it is.[1] (Docket 2-1 at 2). It is only in ICON's response to the motion to dismiss that it tries to characterize its complaint as leaving the door open to whether NVC was subject to the Carmack Amendment. (Docket 24 at 6–7). But this completely ignores ICON's continued attempts to tie its claims to a federal regulation that is derived from the Carmack Amendment. Because Carmack preemtps ICON's state law claims, it has no "plausible claim for relief." *Iqbal*, 556 U.S. at 678. Thus, this court GRANTS NVC's motion to dismiss ICON's original complaint.

**III. ICON's Motion to Amend**

Leave is granted for ICON to amend its complaint to properly state its claims under the Carmack Amendment and/or its alternative state law claims. Under Fed. R. Civ. P. 15(a), leave to amend should be "freely give[n] . . . when justice so requires." This is one such situation. Moreover, allowing ICON to amend its complaint would not unduly prejudice NVC nor would it be futile as NVC suggests. (Docket 27 at 5).

*A. An amendment would be neither prejudicial nor futile.*

ICON seeks leave to amend its complaint to add a claim for relief under the Carmack Amendmnet and to plead alternative facts that may render its state law claims viable. Granting

---

[1] In its original complaint ICON argues that 49 CFR § 370.5(b)(1)–(3) allows it to bring its claims against NVC. ICON even goes as far as to call NVC a "carrier" such that NVC is subject to 49 CFR § 370.5(b)(1)–(3).

10

leave to amend is a "matter committed to the court's sound discretion." *Cont'l Bank, N.A. v. Caton*, 136 F.R.D. 691 (D. Kan. 1991) (citing *First City Bank, N.A. v Air Capitol Sales, Inc.*, 820 F.2d 1127 (10th Cir.1987)). When deciding to grant or deny a motion to amend, the court must consider several factors, such as: will the amendment result in undue prejudice to the non-movant, was the request inexplicably delayed, and was it offered in good faith. *St. Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

The lack of anything in the amendment that would render it "futile" should also persuade the court to freely give leave. *Forman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may still deny a motion to amend when it appears that the "plaintiff is using Rule 15 to make the complaint a 'moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)).

NVC argues that allowing for ICON to amend its complaint would be unfairly prejudicial and/or futile. (Docket 27). The court is not persuaded. Allowing an amendment would not be unfairly prejudicial. Indeed, this case is still in its infancy—NVC has yet to even file an answer to ICON's complaint. NVC has had fair notice of the type of claim that ICON is attempting to bring. And although ICON failed to properly state its claim within the framework of the Carmack Amendment, NVC concedes that a claim pursuant to the Carmack Amendment would state a potentially viable claim.

Neither would amendment be futile. NVC argues that any inclusion of state law claims in an amended complaint would be futile because the Carmack Amendment supersedes state law. But this argument fails to recognize the possibility that ICON may plead alternative facts that could give rise to viable state law claims.[2] This does not appear to be a case of ICON attempting

---

[2] The Federal Rules of Civil Procedure specifically allow a party to plead in the alternative, even where the alternative claims are inconsistent. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . .

11

to hit a "moving target" with its complaint. *Minter*, 451 F.3d at 1206. Instead, ICON is attempting to preserve its state law claims in the event the discovery reveals that NVC is not a carrier subject to the Carmack Amendment or some other reason that the Carmack Amendment does not apply.

The court cautions that ICON should undertake due diligence to ensure the potential validity of whatever alternative claims it might bring. While it would be inappropriate for the court to render an advisory opinion regarding the potential claims available to ICON, ICON's counsel should give careful consideration to the issues raised by NVC's counsel at the June 13 hearing.

NVC has not stated any persuasive reason to deny ICON an opportunity to amend. Indeed, NVC more or less conceded at oral argument that an amendment was appropriate. Thus, this court GRANTS ICON's motion to amend its complaint.

## CONCLUSION

This court DENIES NVC's motion to transfer venue (Docket 6). The Carmack Amendment preempts NVC's forum selection clause either because NVC is a "carrier" or because NVC's Tariff and MTSA incorporate the dispute resolution provisions of the Carmack Amendment. In the event that the Carmack Amendment is inapplicable, 28 U.S.C. § 1404 still does not necessitate a transfer. NVC fails to persuade the court that New Jersey would be a more convenient forum for both parties.

This court GRANTS NVC's Rule 12(b)(6) motion to dismiss for failure to state a claim (Docket 3). ICON's original complaint stated only state law claims. But the factual allegations of

---

alternatively or hypothetically . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

the complaint compel the conclusion that those claims are superseded by the Carmack Amendment.

This court GRANTS ICON's motion for leave to amend its complaint (Docket 26). The amendment would not prejudice NVC, especially since it has yet to file an answer. Moreover, allowing the amendment would not be futile. NVC acknowledges the potential validity of a claim brought pursuant to the Carmack Amendment and ICON may be able plead facts in the alternative that could give rise to potentially viable state law claims.

IT IS SO ORDERED.

Signed June 20, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge