IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>     *Plaintiff*,<br><br>v.<br><br>NVC LOGISTICS GROUP, INC., a New Jersey corporation,<br><br>     *Defendant*. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO VACATE ENTRY OF DEFAULT**<br><br>Case No. 1:16-cv-00167-JNP<br><br>District Judge Jill N. Parrish |

## I. BACKGROUND

Icon Health & Fitness, Inc. sells fitness equipment, such as treadmills. Towards the end of 2014, Icon engaged the services of a shipping company, NVC Logistics Group, Inc. NVC agreed to arrange the "final stretch" of delivery of Icon products to Icon customers. The parties never executed a written agreement but did business for several years. During this time, Icon products were allegedly lost, stolen, and damaged while in transit. Icon requested reimbursement by submitting claims to NVC. But, according to Icon, NVC refused to pay valid claims. Consequently, Icon brought suit on December 12, 2016, alleging that NVC is liable for the value of the lost, stolen, and damaged goods.

NVC is a New Jersey corporation. On or about November 23, 2016, NVC retained Floyd Cottrell and Andrew Pinon to serve as lead counsel in connection with this case. Messrs. Cottrell and Pinon work at Cottrell Solensky, P.A., a law firm based out of Newark, New Jersey. After being retained as lead counsel, Messrs. Cottrell and Pinon engaged the services of Michael Mills. Mr. Mills works at Bauman Lowe Witt & Maxell, PLLC, a law firm based out of Las Vegas,

Nevada. NVC understood that Mr. Mills would act as local counsel. Mr. Mills is a member of the Utah State Bar and admitted to practice in United States District Court for the District of Utah. But he informed NVC that he could not "formally" act as local counsel as he did not have an office in Utah.

On January 24, 2018, Mr. Mills filed a motion to withdraw as counsel. Mr. Mills stated that he had unpaid invoices dating back to January 2017 and that NVC had failed to pay the invoices, despite numerous requests for payment. Mr. Mills further stated that he had sent a copy of the motion to withdraw to Francis J. McCabe, the President and General Counsel of NVC.

According to NVC, it received a letter from Mr. Mills on January 24. The letter contained Mr. Mills' motion to withdraw. But NVC "mistakenly believed that the envelope containing the Motion to Withdraw was a hard copy of [Icon's] discovery demands." So, presumably, NVC threw away the letter without looking at the contents.[1] Mr. Mills also sent NVC an email on the same day. According to NVC, the email concerned Mr. Mills' correspondence with Icon and "did not mention the filing of, or serving [of], the Motion to Withdraw."

The court granted Mr. Mills' motion on January 26. The court also ordered that NVC, as a corporation, was required to be represented by an attorney who is admitted to practice in the United States District Court for the District of Utah. The court specified that NVC's "new counsel" was required to file a notice of appearance within twenty-one days from the date of the court's order. That is, whomever NVC retained as local counsel was required to file a notice of appearance before February 16.

---

[1] NVC is cryptic on this point. It states that it believed that Mr. Mills' letter contained Icon's discovery demands, and "[a]s a result NVC did not realize that the Motion to Withdraw had been filed." The only reasonable explanation as to how NVC was unaware of the motion to withdraw is that it discarded the letter without reading it. Perhaps NVC believed the letter was another request for payment.

According to NVC, it failed to retain local counsel by February 16 because it was not aware that Mr. Mills withdrew as local counsel. On March 6, Icon moved for the entry of a default against NVC based on the fact that no appearance on behalf of NVC had been filed. On March 21, the court directed the clerk of the court to enter a default against NVC. The clerk of the court issued a default certificate two days later.

According to NVC, it received the default certificate on March 27. Two days later, it learned that the court had directed the clerk of the court to issue a default certificate based on the fact that no appearance of local counsel on behalf of NVC had been filed. At this point, NVC claims that it "immediately" began to look for new local counsel. NVC retained new counsel, Sarah Vaughn, on April 6.

On April 13, NVC, through Ms. Vaughn, filed a motion to vacate the entry of default. NVC contends that its failure to abide by the court order directing it to obtain local counsel within twenty-one days was not willful. Accordingly, NVC requests that the court set aside the certificate of default.

## II.  DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The entry of a default is merely an official recognition that one party is in default—it "is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b)." 10A Charles A. Wright, *et al.*, Federal Practice & Procedure § 2692 (4th ed.). The court, however, "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

"The preferred disposition of any case is upon the merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing *Meeker v. Rizley*, 324 F.2d 269,

3

271–72 (10th Cir. 1963) ("The law favors the disposition of litigation on its merits.")). Default judgments are "not favored." *Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982). When deciding whether to set aside an entry of default, courts may consider, among other things, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

Here, NVC has shown good cause to set aside the entry of default. First, NVC has shown that the default was not willful. NVC has put forth evidence showing that it was not aware that Mr. Mills withdrew as local counsel. And by extension, NVC was unaware that it was required to retain new counsel. Admittedly, NVC was unaware that Mr. Mills withdrew based on its own negligence (*i.e.*, discarding Mr. Mills' letter without reading it). At most, NVC was reckless as to the fact that it was violating a court order. But there is no indication that NVC willfully ignored this court's order. And NVC promptly retained Ms. Vaughn to act as local counsel when it learned that the clerk had issued a certificate of default. Accordingly, the court concludes that NVC did not willfully ignore this court's order.

Second, setting aside the default would not unduly prejudice Icon. As noted above, NVC promptly retained local counsel when it learned that the clerk of the court had issued a certificate of default. The clerk of the court issued the certificate of default on March 23 and NVC moved to set aside the entry of default three weeks later. Moreover, Icon has not shown that it will suffer any prejudice if the court sets aside the entry of default. While there is admittedly some prejudice to Icon in that it must litigate the case if the entry of default is set aside, this prejudice is not undue. Indeed, the preferred disposition of this case, like every other case, is on the merits.

Third, NVC has presented at least what appear to be potential defenses to liability. Indeed, Icon concedes that NVC has "asserted the existence of meritorious defenses." But Icon takes issue with the fact that NVC has not supported the defenses with evidence. While Icon's argument is well taken, the court need not delve into the merits of each defense when the first two factors weigh in favor of setting aside the entry of default. If NVC cannot support the defenses upon which it relies, Icon will have little difficulty prevailing on the merits. The court sees little reason in forcing the parties to litigate the merits at this point, especially when the default does not appear to be willful and setting aside the default will result in little to no prejudice to Icon.

Accordingly, NVC has shown good cause to set aside the entry of default. NVC, while negligent, does not appear to have willfully disobeyed a court order. And Icon has not shown that it will suffer undue prejudice if the court sets aside the entry of default. Consequently, there is good cause to set aside the entry of default, thereby allowing the parties to resolve this case on the merits.

### III. CONCLUSION AND ORDER

For the reasons set forth above, NVC's Motion to Vacate Entry of Default (ECF No. 57) is GRANTED. The court hereby VACATES the Default Certificate (ECF No. 54) entered on March 23, 2018. Icon's Sworn Request for Entry of Default Judgment (ECF No. 56) is DENIED AS MOOT. The parties are hereby ORDERED to comply with the deadlines set in the Scheduling Order (ECF No. 49) entered on October 30, 2017.

Signed June 14, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge